## Faltenbacher v. Zoning Board of Adjustment

*Jacoby & Maxmin*, for appellant.

*Richard H. Markowitz*, Assistant City Solicitor, *David Berger*, City Solicitor, for zoning board of adjustment.

BROWN, P. J., June 13, 1957.—This is an appeal by Harry J. Faltenbacher, the lessee of premises 87 East

Bringhurst Street, Philadelphia, from a decision of the zoning board of adjustment which permitted the use of the front part of the property as an office of a plumbing contractor, but prohibited the use of the rear portion for storage of a truck, tools and materials used in his trade. At the hearing in this court, it was agreed by the parties and ordered by the court that John A. Remaily, the owner of the premises, be permitted to intervene as a party plaintiff or appellant in this case.

There is no dispute that from 1896 until 1953 the property had been used as an office and a shop for a painting contractor. In 1953, the property was leased by Remaily to Faltenbacher "to be used and occupied as an office and shop for plumbing. . .". On January 17, 1956, Faltenbacher was served with a "Notification To Apply For Permit", and on February 17, 1956, there was issued by the department of licenses and inspections a "Notice Of Refusal Of Permit". On February 20, 1956, a "Petition Of Appeal to The Board of Adjustment" was filed by Faltenbacher, and on March 6, 1956, the appeal was heard by the board of adjustment. In its decision, the board stated that the matter was considered as a request for a variance, and the action of the zoning administrator in refusing the permit was sustained.

Manifestly, consideration and determination of the questions involved in this proceeding must be guided by the relevant provisions of the Ordinances of the City of Philadelphia which deal with zoning. The Code of General Ordinances of the City of Philadelphia, which contains provisions with respect to zoning, became effective on February 29, 1956. It was stated in the code that: "Except as otherwise provided, all other general ordinances, enacted or approved from January 1, 1701, to the effective date of the Code, are repealed as of the effective date of the Code": Code of General Ordinances of the City of Philadelphia, §1-107(3), p. 4.

However, it was also provided that: "The repealer provisions of this Chapter or elsewhere in the Code shall not affect: (a) any act done or any right or liability accrued, but all rights and liabilities accrued under any ordinance or statute herein repealed or superseded shall continue and may be enforced in the same manner as if such repeal had not been made; . . . (c) any petition, hearing, or other process pending before any agency; . . .": Code of General Ordinances, §1-107(6), p. 5. In the code, "Agency" is defined as: "Any office, department, board, or commission of the City, including any officer, employee, or other authorized representative thereof, other than the Council or the courts; . . .": Code of General Ordinances, §1-103(1)(a), p. 2.

Thus, any rights accrued under the Zoning Ordinance which was in effect prior to the enactment of the code may still be enforced. Similarly, any petition, hearing or other process which was pending in this case is unaffected by the code, and must be governed by the prior ordinance. As has been seen, Faltenbacher leased the property and commenced to use it for an office and shop as a plumber in 1953. Moreover, although the hearing was not held by the board until March 6, 1956, he had filed the petition of appeal to the board of adjustment on February 20, 1956, which was prior to the effective date of the Code of General Ordinances. Therefore, this case must be decided under the Zoning Ordinance of August 10, 1933.

In the Ordinance of August 10, 1933, it was provided that: "Any land, the existing use of which at the time of the passage of this ordinance, does not conform with the regulations of the district in which it is located, shall have such use considered a non-conforming use, which may continue on such land but shall be subject to the regulations covering non-conforming uses": Ordinance of August 10, 1933, sec. 4(1), Ordinances

of the City of Philadelphia, 1933, p. 274. "A non-conforming building or use shall be considered as such unless and until it complies with the regulations of the district in which it is located. Such use shall not be changed to a use designated for a district having less restrictive regulations. . . . A non-conforming use when discontinued may be resumed as the same class of use but cannot be resumed as a non-conforming use of a lower class": Ordinance of August 10, 1933, §4(3) and (4), Id., p. 274.

Since 1933, the property involved in this proceeding has always been zoned "D" residential. There is no doubt, and it was found as a fact by the board of adjustment, that the premises had been used as an office and a shop for a painting contractor from 1896 until 1953. There is undisputed proof in the record which shows that when so used, ladders, tools, brushes, lead, oil and various solvents were stored on the property. It should be noted that both the painting contractor and the plumbing contractor conducted their operations at the job site. Any materials kept on the premises in question were those which happened not to be utilized on a particular job and were retained until used on another job. Both contractors' businesses are identical in this respect.

Use of property for "Craftsmen's trades" was specifically permitted in "A" commercial districts by the Ordinance of August 10, 1933, §16(9), Ordinances, 1933, p. 301. "Accessory uses customarily incidental to any" such use were also permitted by paragraph (27) of that section: Id., p. 302. It was only in industrial districts that the "storage of goods, materials or merchandise or contracting and building materials" was permitted by the Ordinance, sec. 21(45) : Ordinances, 1933 p. 324.

As above noted, while the Ordinance does not prohibit a change in a nonconforming use to any other use,

it does forbid a change to a use designated for a district having less restrictive regulations. It was concluded by the board of adjustment that use of the property on the basis of a showing of a nonconforming use is not sanctioned unless the use is the same one that had existed previously. Apparently, it was recognized by the board that an office and shop of a painting contractor is in the same category or class as an office and shop of a plumbing contractor. By the very terms of the applicable ordinance, a use may be permitted as a nonconforming use despite the fact that it is not exactly the same as the one in existence at the time of the passage of the ordinance as long as it is not a use "designated for a district having less restrictive regulations".

There is no doubt that a painter and a plumber come within the classification of "Craftsmen's trades". It is clear that the keeping of paint, ladders, pipe and pipe fittings must be held to be uses accessory to the operation of a paint or plumbing shop. However, the essential question is whether the use of the property for an office and shop of a plumbing contractor is a use designated for a district having less restrictive regulations than a district in which an office and shop of a painting contractor is permitted. This is not a case where the use of the property has been changed from that of an office and shop to a warehouse. It is a case where one craft or trade has been substituted for another. There is no evidence which would justify a conclusion that there has been such a change in the type of material stored or in the magnitude of the amount of space utilized for storage as to constitute a different use.

Reliance was placed by the zoning board of adjustment in arriving at its decision upon Darling v. Zoning Board of Adjustment, 357 Pa. 428. In that case, a property in a residential district had been used at the time of the passage of the Zoning Ordinance of 1933 " 'as an office for builders, architects, and/or real es-

tate operators' ". It had been allowed to remain vacant for a number of years and become dilapidated, and then application was made for "a use-registration permit to repair it and use it for a tailoring shop". This was held to be such a change of use or a resumption of a discontinued use which would not be entitled to protection as a nonconforming use. Obviously, although a tailor shop is a different use of a property from its use as an office of a builder, architect or real estate operator, a painting contractor's office and shop and a plumbing contractor's office and shop are the same use. In the pertinent ordinance, where the various types of uses permitted are delineated, all "Craftsmen's trades" and "Artisans' or craftsmen's work or trades" are set forth in the same categories: Ordinance of August 10, 1933, §§16(9) and 21(3), Ordinances, 1933, pp. 301 and 322.

There is no valid basis for differentiation between a contractor who is engaged in the painting craft or the plumbing craft or any other of the artisans' trades. Moreover, in section 21(45) where the ordinance deals with the "storage of goods, materials or merchandise or contracting and building materials", there is no distinction made between the various kinds of merchandise and materials: Id., p. 324. Hence, it follows that the storage of materials and equipment by the plumbing contractor is the same use as the storage of materials and equipment by the painting contractor.

In the recent appellate court opinions, there are clear indications that a use need not be precisely the same as the original nonconforming use in order to come within the protection of the provisions with respect to changed or resumed nonconforming uses, provided, of course, that the use is not of a lower class: Molnar v. George B. Henne & Co., Inc., 377 Pa. 571, 579-580; Williams Appeal, 174 Pa. Superior Ct. 570, 580.

Accordingly, it must be concluded that the zoning board of adjustment erred in refusing to permit the use of the property in question as an office and shop for a plumbing contractor in the same manner as it had been used by the owner previously as an office and shop of a painting contractor.

*Order*

And now, June 13, 1957, it is ordered, adjudged and decreed that the decision of the zoning board be, and it is hereby modified, and the board is directed to order forthwith the immediate issuance of a permit to Harry J. Faltenbacher authorizing the use of premises 87 East Bringhurst Street, Philadelphia, as an office and shop of a plumbing contractor with the storage of such tools and materials of the trade as are incidental and customary in the work of a job site contractor.